**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-10041 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00658-DCB-CRP-2 |
| v. | |
| DANIEL THOMAS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted February 14, 2012
San Francisco, California

Before: TASHIMA and SILVERMAN, Circuit Judges, and GARBIS, Senior

District Judge.[**]

Defendant Daniel Thomas appeals the denial of his motion to suppress. He

entered a conditional guilty plea to, and was convicted of, conspiracy to possess

with intent to distribute and possession with intent to distribute 110 kg of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Marvin J. Garbis, Senior District Judge for the U.S. District Court for Maryland, sitting by designation.

marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B)(vii). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Thomas first argues that the district court clearly erred in finding Officer Leonard Henry's testimony to be credible. We disagree. Officer Henry's testimony was not illogical, implausible, or without support in the record notwithstanding minor inconsistencies. *See United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc). The district court did not clearly err in crediting Henry's testimony.

Thomas also argues that even if Henry's testimony is believed, the traffic stop was not justified by reasonable suspicion. Again, we disagree. Officer Henry's testimony provided particularized, articulable reasons for the investigatory stop. For some two miles, Henry saw Thomas driving significantly below the speed limit on an open highway, which was unusual for the area, and driving on and over the "fog line"—the painted line separating the edge of the lane from the shoulder of the road. While not rising to the level of probable cause to arrest, these observations afforded Officer Henry sufficient reason to stop the vehicle and investigate whether the driver was possibly fatigued or under the influence. *See United States v. Fernandez-Castillo*, 324 F.3d 1114, 1120 (9th Cir. 2003).

**AFFIRMED.**

2